UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **David J. Washington**, | ) | C/A No. 4:07-619-RBH-TER |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| Pamela T. Elliot, of State Farm;<br>Levone Graves;<br>Magistrate NFN Cox;<br>Honorable Thomas A. Russo;<br>Ms. Diane Scott;<br>James Saleeby, Jr.;<br>Sherry R. Rhodes;<br>Trooper J. J. Roberts, and<br>Hon. Michael G. Nettles, | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se* by a South Carolina resident requesting *in forma pauperis* status (Entry 9).[1] Plaintiff was an unsuccessful litigant in an automobile accident liability case that he filed in Magistrate's Court in Marion County. His appeal to the Marion County Court of Common Pleas was denied on January 2, 2007. *See* Plaintiff's Answers to the Court's Interrogatories, attachment, at 2 (Entry 10). It does not appear that Plaintiff filed an appeal from the Court of Common Pleas to the South Carolina Court of Appeals as permitted under South Carolina statutory law.[2] *See* S.C. Code Ann. §§ 14-8-200, 14-3-330.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

[2] Plaintiff was specifically asked whether he "filed an appeal with the South Carolina state appellate courts." Entry 10, question 2. However, his answer to that special interrogatory: "Judge Nettle [sic] denied my rights to an appeal," was unresponsive to the question. His answer to the next interrogatory indicates that he did not file an appeal from Judge Nettles' decision because he felt that his "rights have been violated and [that he] would not have received justice." *Id.*, answer to question

1

Instead, he filed this case is federal court, claiming that his "civil rights" were violated by the various state court judges and witnesses who were involved in his accident case in Marion County. Attached to his Complaint are forty-seven pages of documents produced in the South Carolina state court actions – essentially, he submits at least a partial record of the state court proceedings. He asks this Court to "look over all [his] evidence and documents concerning this matter," and further requests this Court to "take into accounting medical expenses, distress, pain & suffering inconveniences, and [his] personal expenses . . . ." Complaint, 6 (Entry 1). Liberally construed, Plaintiff asks this Court to review the state court proceedings in an appellate capacity and to award him compensatory damages for alleged deprivation of federal constitutional rights pursuant to 42 U.S.C. § 1983.[3]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

---

3.

[3]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[4] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## A. ROOKER-FELDMAN DOCTRINE

Plaintiff's claims against Defendants under § 1983 are subject to summary dismissal because, under the *Rooker-Feldman* Doctrine, this Court is without jurisdiction to consider them. This is true because a ruling in favor of Plaintiff on any claim of constitutional violations arising from his Marion County state court litigation would necessarily require this Court to review and possibly overturn legal rulings made in the Marion County Magistrates Court and/or the Marion County Court of Common Pleas. *See Shooting Point, L.L.C. v. Cumming*, 368 F.3d F.3d 379, 382-84 (4th Cir. 2004); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir.1997); *see also Gulla v. N. Strabane Twp.*, 146 F.3d 168, 171 (3d Cir. 1998); *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998); *Moccio v. N. Y. State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996).

By claiming that proper procedures were not followed and that he did not receive justice in Marion County and by asking this Court to "look over" the record made in those state courts, Plaintiff is requesting

---

[4]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

this Court to review the Marion County court proceedings as would an appellate court. This is fatal to Plaintiff's claims because the proceedings and rulings made in the state court of Marion County cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.).[5] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* Doctrine or the *Feldman-Rooker* Doctrine. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). Because the *Rooker-Feldman* Doctrine is jurisdictional it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Long-standing precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina State Courts. The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues (violation of "civil rights") such as those contained in Plaintiff's Complaint in this case. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The doctrine also applies even if the state court litigation has not reached a state's highest court, which is the case here since it appears that Plaintiff abandoned his continuing state appeal rights after he lost in the Court of Common Pleas. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 (9th Cir.

---

[5] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257. In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g., Lucas v. S. C. Coastal Council*, 505 U.S. 1003 (1991).

1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood & Wire Prods. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986).

Plaintiff's submission of the Complaint in this case, claiming a right to compensatory damages for federal constitutional violations by various state court judges and court-support personnel, opposing legal counsel, and witnesses in his magistrate court case, does not alter the fact that Plaintiff is, in reality, attempting to have this Court review the proceedings that took place in state courts of Marion County. As stated above, this Court cannot review the Marion County proceedings in an appellate capacity. *See Anderson v. Colo.*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases); *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981); *Kan. Ass'n of Pub. Employees v. Kan.*, 737 F. Supp. 1153, 1154 (D. Kan. 1990); *Fuller v. Harding*, 699 F. Supp. 64, 66-67 (E.D. Pa. 1988).

## B. **OTHER REASONS FOR SUMMARY DISMISSAL**

Furthermore, even if the *Rooker-Feldman* Doctrine did not completely remove all of Plaintiff's claims from the jurisdiction of this Court, there are other reasons why many of those claims against many of the Defendants would still not be viable in this Court. For example, any claims of constitutional violation by Judges Russ, Williams or Nettles or Magistrates Graves or Cox in connection with their rulings or other judicial performance in the Marion County state court proceedings are barred under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is

even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

The same result is required as to any § 1983 claims against Sherry R. Rhodes, the Clerk of Court for Marion County, and Diane Scott, Secretary for Marion County Magistrate's Court, based on actions taken by these Defendants in connection with the filing and maintenance of Plaintiff's Marion County cases because Clerks of Court and other similar judicial support personnel are entitled to quasi-judicial immunity. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

Additionally, Plaintiff's claims of constitutional violations by witnesses in the Marion County actions: Defendants Elliot and Roberts, based on their testimony in those actions are barred because witnesses are also entitled to immunity from such claims. A rule of absolute witness immunity has been adopted by the majority of Courts of Appeals. *See Brawer v. Horowitz*, 535 F.2d 830, 836-37 (3d Cir. 1976) (lay witness in federal court; *Bivens* action); *Burke v. Miller*, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982)(police officer witness; § 1983 suit); Myers v. Bull, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment).

6

Finally, Plaintiff's claims against his opposing counsel in the Marion County actions: Defendant Saleeby, are also barred because this Defendant did not act under color of state law in connection with his legal representation of Plaintiff's opponent. In order to state a claim for alleged constitutional violations under 42 U.S.C. § 1983, Plaintiff must show that the Defendant sued for such violations was a person who acted under color of state law. *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is settled that a private attorney such as Saleeby does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *see also Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 9, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).